# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ANVIL KNITWEAR, INC., et al.,** | **Case No. 06-12345 (ALG)** |
| **Debtors.** | **(Jointly Administered)** |

### FIRST AND FINAL APPLICATION OF JEFFERIES & COMPANY, INC., AS FINANCIAL ADVISOR, TO THE DEBTORS FOR FINAL ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED DURING THE PERIOD FROM <u>OCTOBER 2, 2006 THROUGH JANUARY 10, 2007</u>

TO:    THE HONORABLE ALLAN L. GROPPER
          UNITED STATES BANKRUPTCY JUDGE

SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND <u>REIMBURSEMENT OF EXPENSES</u>

| | |
|---|---|
| Name of Applicant: | Jefferies & Company, Inc. |
| Period for which Compensation and Reimbursement is Sought: | October 2, 2006 through January 10, 2007 |
| Authorized to Provide Professional Services to: | The Debtors |
| Date of Retention: | October 2, 2006 |

| Amount of Compensation and Expense Reimbursement Sought As Actual, Reasonable and Necessary: | | |
|---|---|---|
| | Monthly Fees Requested: | $411,290.32 |
| | Transaction Fee Requested: | $767,546.95 |
| | Expenses Requested: | <u>$6,415.44</u> |

| | |
|---|---|
| Total Amount Requested In Connection with this First and Final Application | $1,185,252.71 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **ANVIL KNITWEAR, INC., et al.,** | Case No. 06-12345 (ALG) |
| **Debtors.** | (Jointly Administered) |
| | Objections Due:     by 4:00 p.m.<br>Hearing Date:     at 10:00 a.m. |

**FIRST AND FINAL APPLICATION OF JEFFERIES & COMPANY, INC.,**
**AS FINANCIAL ADVISOR TO THE DEBTORS FOR FINAL ALLOWANCE**
**OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED**
**AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**INCURRED DURING THE PERIOD FROM**
**OCTOBER 2, 2006 THROUGH JANUARY 10, 2007**

**TO: THE HONORABLE ALLAN L. GROPPER**
     **UNITED STATES BANKRUPTCY JUDGE**

Jefferies & Company, Inc. ("Jefferies"), as financial advisor to Anvil Knitwear, Inc. and its debtor affiliates (the "Debtors"), hereby submits its first and final application (the "Application"), pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking final allowance of compensation for professional services performed by Jefferies during the period from October 2, 2006 through and including January 10, 2007 (the "Compensation Period"), and reimbursement of its actual and necessary expenses incurred during the Compensation Period. In support of this Application, Jefferies respectfully represents as follows:

## BACKGROUND

1. On October 2, 2006, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have since continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.     On October 23, 2006, this Court entered its Administrative Order Establishing Procedures for Interim Compensation (the "Administrative Order," Docket No. 63).

3.     On October 30, 2006, the Debtors filed their Debtors' Application to Employ and to Retain Jefferies & Company, Inc., as Financial Advisor, Nunc Pro Tunc to the Petition Date (the "Retention Application," Docket No. 71), seeking authorization to retain Jefferies as its financial advisor to perform certain professional services, including, but not limited to:

a)     Become familiar, to the extent Jefferies deems appropriate, with and analyze the business, operations, properties, financial condition and prospects of the Company;

b)     Advise the Company on the current state of the "restructuring market";

c)     Assist and advise the Company in developing a general strategy for accomplishing the Restructuring;

d)     Assist and advise the Company in evaluating and analyzing a Restructuring on behalf of the Company;

e)     Assist and advise the Company in evaluating and analyzing a Restructuring, including the value of the securities, if any, that may be issued to certain creditors under any Restructuring plan; and

f)     Render such other financial advisory services as may from time to time be agreed upon by the Company and Jefferies.

4.     On November 22, 2006, this Court entered its Order Authorizing Employment and Retention of Jefferies & Company, Inc., as Financial Advisor, Nunc Pro Tunc to the Petition Date (the "Retention Order," Docket No. 104).

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

5.     Jefferies seeks final allowance of fees for professional services rendered to the Debtors during the Compensation Period in the amount of $1,185,252.71 (which is comprised of $411,290.32 in monthly fees and a $767,546.95 transaction fee pursuant to the engagement letter, dated December 29, 2005, between Jefferies and Anvil (the "Engagement Letter")), plus

reimbursement of expenses incurred in connection with the rendition of such services in the amount of $6,415.44. The total fees and expenses are $1,185,252.71. Jefferies also seeks authority to apply in partial satisfaction of such fees and expenses a credit balance totaling $120,967.74 (the "Credit Balance") which Jefferies currently maintains on behalf of the Debtors, which Credit Balance was paid to Jefferies prior to the Petition Date in advance of Jefferies provision of related services to the Debtors following the commencement of these cases. Net of the Credit Balance, Jefferies seeks payment of total fees and expenses of $1,064,284.97.

6. During the Compensation Period, Jefferies professionals expended an estimated 249.5 hours. In addition, prior to October 2, 2006, Jefferies professionals expended a significant number of hours preparing the Debtors for the chapter 11 filing, including, but not limited to: presenting various restructuring alternatives to Anvil's Board of Directors, negotiating a term sheet with Anvil's bondholders containing the principal terms of a restructuring, participating in various board meetings relating to the restructuring, assisting Anvil with preparing the financial analysis appearing in the disclosure statement, assisting the company in developing a cash flow forecast for the anticipated chapter 11 filing, and conducting a marketing process to obtain DIP financing. These pre-petition services allowed the company to benefit from an expedited bankruptcy case.

7. The fees charged by Jefferies during the Compensation Period are comparable to those fees charged by Jefferies for professional services rendered in similar non-bankruptcy related matters. Such fees are reasonable based upon the customary compensation charged by similarly-skilled practitioners in comparable non-bankruptcy cases in the competitive national financial advisory market.

8. Annexed hereto as Exhibit "A" is a schedule setting forth the identities of all Jefferies restructuring professionals who have performed services in these chapter 11 cases during the Compensation Period, the capacities in which each such individual is employed by Jefferies, and an estimate of the aggregate number of hours expended by each such individual in these cases.

9.     Annexed hereto as Exhibit "B" is a schedule specifying categories of expenses for which Jefferies is seeking reimbursement and the total amount of expenses requested in each such expense category.

10.     An estimate of the time expended by Jefferies' restructuring professionals during the Compensation Period is annexed hereto as Exhibit "C."  As set forth in the Retention Application and affidavit annexed thereto, it is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on an hourly basis.  Jefferies' restructuring professionals, in this case, have prepared time estimates describing their general activities, the identity of restructuring professionals who performed such activities, and the estimated amount of time expended on such activities.  Jefferies' restructuring personnel do not maintain their time records on a "project category" basis.

11.     There is no agreement or understanding between Jefferies and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

## JEFFERIES' ACTIVITIES ON BEHALF OF THE DEBTORS

12.     Jefferies has provided general financial advisory services to the Company with respect to the Debtors' chapter 11 reorganization, which included: (i) assisting the company in obtaining  debtor-in-possession financing; (ii) reviewing DIP covenants; (iii) assisting in the preparation of the disclosure statement including, but not limited to, assisting in the preparation of the liquidation analysis, projections, and valuation; (iv) negotiating the terms of the restructuring of a substantial portion of the Debtors' indebtedness; (v) reviewing financial projections; (vi) analysis of the Debtors' liquidity position; (vii) reviewing exit financing covenants; (viii) participating in board meetings; (ix) attendance at various hearings; (x) reviewing results of operations; and (xi) interfacing with creditor committee professionals and members.

## APPLICABLE LAW

13.     Section 328 of the Bankruptcy Code allows a professional to obtain prior court approval of the terms of its retention.  11 U.S.C. § 328(a).  Under that provision, a professional may avoid uncertainty by obtaining (i) advance court approval of compensation terms agreed to with the estate, and (ii) a court finding that such terms are reasonable in advance of the professional providing related services.  *See, In re Nat'l Gypsum Co.*, 123 F.3d 861, 862-863 (5th Cir 1997).  Section 328(a) explicitly contemplates court approval of contingent fees.  *See* 11 U.S.C. § 328(a) ("The trustee…with the court's approval, may employ a professional person…on any reasonable terms and conditions of employment, including…on a contingent fee basis").

14.     Once a court has approved the terms and conditions of a compensation plan under Section 328(a) of the Bankruptcy Code, "the court may allow compensation under different terms from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."  11 U.S.C. § 328(a).  Thus, unless the initial approved compensation terms are found to be "improvident," under the aforementioned test, a court cannot change such terms or conditions of employment that have already been approved under Section 328(a) of the Bankruptcy Code.  *In re Federal Mogul-Global Inc.*, 348 F.3d 390, 397 (3rd Cir. 2003).  *See also In re B.U.M. Int'l., Inc.*, 229 F.3d 824, 829 (9th Cir 2000) ("A bankruptcy court may not conduct an inquiry into the reasonableness of fees and their benefit to the estate if the court has already approved the professional's employment under 11 U.S.C. § 328").

15.     If a court has entered an order authorizing a professional's employment that "expressly and unambiguously states specific terms and conditions (e.g.: specific hourly rates or contingency fee arrangements) that are being approved pursuant to the first sentence of section 328(a)," the court is constrained to apply only the "improvident" standard of Section 328(a) in any later review of such professional's requested compensation.  *In re Northwestern Corp.*, 344 B.R. 40,

(D.Del 2006).  *See also Zolfo, Cooper & Co. v. Sunbeam-Oster Company, Inc.*, 50 F.3d 253, 261 (3rd Cir. 1995).

## JEFFERIES' FEES ARE REASONABLE

16.     The professional services performed by Jefferies were in the best interest of the Debtors and other parties-in-interest.  The compensation requested by Jefferies for the foregoing services is commensurate with the complexity, importance and nature of the problems, issues or tasks involved.

17.     The professional services performed by Jefferies on behalf of the Debtors during the Compensation Period required an aggregate expenditure of at least 249.5 hours by Jefferies' professionals.  As mentioned previously, in addition to the post-petition services described above, Jefferies professionals also expended a significant amount of time providing pre-petition services which allowed the Debtors to benefit from an expedited bankruptcy case.

## ACTUAL AND NECESSARY DISBURSEMENTS OF JEFFERIES

18.     As set forth in Exhibit "B" hereto, Jefferies expended $6,415.44 in out-of-pocket expenses while providing professional services during the Compensation Period.  These charges included Jefferies' direct operating costs related to this engagement, which costs were not incorporated into Jefferies' aggregate fees.  Such charges are compensable pursuant to the terms of Jefferies' Engagement Letter.

19.     The time constraints imposed by the circumstances of these cases have required Jefferies' professionals and other employees to devote time during the evenings and on weekends to the performance of financial advisory services on behalf of the Debtors.  While Jefferies has not charged the Debtors for any overtime expenses, professionals and other employees of Jefferies who worked into the evenings or on weekends were reimbursed for their reasonable meal costs and their

cost for transportation from the office to home. Jefferies' regular practice is not to include these types of charges in overhead when establishing fees, and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services.

## NOTICE

20. This Application has been provided to: (i) the Debtors; (ii) Counsel to the Debtors; (iii) Counsel to all Official Committees appointed in these cases; and (iv) the United States Trustee. In addition, notice of this Application has been provided to all parties that have entered their appearance in the Debtors' chapter 11 cases pursuant to Rule 2002. Jefferies submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, Jefferies respectfully requests that this Court enter an order: (i) granting final allowance of all fees and expenses requested in this Application totaling $1,185,252.71 incurred by Jefferies on behalf of the Debtors during the Compensation Period; (ii) authorizing Jefferies to apply the Credit Balance in partial satisfaction of such fees and expenses; (iii) authorizing and directing payment by the Debtors to Jefferies, within 10 days of entry of the order approving this Application, of all unpaid fees and expenses requested in the Application and approved by the Court; and (iv) granting such other and further relief as is just and proper.

Dated: New York, New York
       April 24, 2007

                              JEFFERIES & CO., INC.



                              By: /s/ Robert J. Flachs
                              Robert J. Flachs

                              520 Madison Avenue
                              New York, NY  20022
                              (212) 284-2148

                              Financial Advisor to the Debtors

Exhibit A

# Jefferies & Company, Inc.
## Hours Summary
### October 2, 2006 - January 10, 2007
### Exhibit A

| Jefferies & Company - Summary of Hours Worked October 2, 2006 - January 10, 2007 | | |
|---|---|---|
| **Name** | **Position** | **Hours Worked** |
| Thane Carlston | Managing Director, Co-head of Restructuring and Recapitalization Group | 5.00 |
| Rob Flachs | Managing Director, Restructuring and Recapitalization Group | 70.50 |
| Patrick Fleury | Vice President, Restructuring and Recapitalization Group | 100.00 |
| Cullen Schaar | Analyst, Restructuring and Recapitalization Group | 74.00 |
| | TOTAL | 249.50 |

Other Jefferies professionals who particpated but do not keep hours:

| | |
|---|---|
| Josh Targoff | General Counsel |
| Rudy Rodriguez | Paralegal |

Exhibit B

Jefferies & Company, Inc.
Expense Breakdown
October 2, 2006 – January 10, 2007
Exhibit B

**<u>EXPENSES:</u>**

| | |
|---|---:|
| MEALS | 799.82 |
| TRANSPORTATION | 409.30 |
| LEGAL FEES | 4,957.61 |
| PRESENTATION SERVICES | 30.00 |
| FINANCIAL RESEARCH | 209.60 |
| COURIER | 9.11 |
| TOTAL | $6,415.44 |

Exhibit C

# Jefferies & Company, Inc.

Hours Detail

October 2, 2006 - January 10, 2007

Exhibit C

| Banker | Date | Hours | Time Description |
|--------|------|-------|------------------|
| Thane Carlston | 10/18/2006 | 1.5 | Internal discussions regarding plan options. Review of Jefferies retention application. |
| | | 1.5 | **October Total Hours** |
| | | | |
| Thane Carlston | 11/1/2006 | - | |
| | | - | **November Total Hours** |
| | | | |
| Thane Carlston | 12/18/2006 | 0.5 | Internal discussions regarding Warrant Agreement. |
| | | 0.5 | **December Total Hours** |
| | | | |
| Thane Carlston | 1/3/2007 | 0.5 | Review of affidavit in support of confirmation of the plan. |
| | 1/4/2007 | 0.5 | Review of affidavit in support of confirmation of the plan. |
| | 1/8/2007 | 2.0 | Internal discussions regarding upcoming confirmation hearing. Call with Delloitte, Dechert, and the Company to discuss tax issues. Various calls with the Company regarding LTM performance and projected liquidity requirements. Review of declaration in support of confirmation of the plan. Calls with creditors. |
| | | 3.0 | **January Total Hours** |
| | | | |
| | | 5.00 | **TOTAL HOURS** |
| | | | |
| | | | |
| Robert Flachs | 10/2/2006 | 1.0 | Review information in Disclosure Statement. |
| | 10/3/2006 | 1.0 | Review information in Disclosure Statement. |
| | 10/4/2006 | 3.0 | Preparation for and attendance at First Day Hearings. |
| | 10/5/2006 | 2.0 | Call to discuss timeline of bankruptcy case. Review of calculation of number of warrants and effective dilution. Review of Jefferies retention documents. Review of letter from management to suppliers. |
| | 10/11/2006 | 1.0 | Call with management, Dechert and Jefferies to discuss upcoming case events. |
| | 10/13/2006 | 0.5 | Call with interested potential investor. |
| | 10/16/2006 | 1.0 | Review of Notice of Appointment of the Unsecured Creditors Committee. Discussion with managment to discuss relationships with trade creditors. |
| | 10/18/2006 | 1.5 | Review of Jefferies retention application. Discussions regarding case status. |
| | 10/19/2006 | 0.5 | Various calls and emails re: DIP and committee meeting. |
| | 10/20/2006 | 0.5 | Call with Dechert discussing status of case. Correspondence re: committee meeting. |
| | 10/24/2006 | 0.5 | Call with Dechert to discuss retention documents. |
| | 10/25/2006 | 3.0 | Preparation/review of Unsecured Creditors Committee presentation. Meeting with management to review presentation |
| | 10/26/2006 | 2.0 | Review of Unsecured Creditors Committee Presentation |
| | 10/27/2006 | 5.0 | Meeting with the Unsecured Creditors Committee at Dechert's offices. Follow-up meeting with Board of Directors. |
| | 10/31/2006 | 2.0 | Internal discussions to discuss plan options. |
| | | 24.5 | **October Total Hours** |
| | | | |
| Robert Flachs | 11/1/2006 | 0.5 | Call with Unsecured Creditors Committee member, Sam Perlman. |
| | 11/6/2006 | 0.5 | Call with Dechert to discuss materials and analysis needed for Disclosure Statement. |
| | 11/7/2006 | 1.0 | Call with Milbank to discuss options regarding financial reporting. Review of schedule of costs of maintaining public filing status. |
| | 11/8/2006 | 0.5 | Call with Milbank re: status. |
| | 11/9/2006 | 1.0 | Call with Anvil Holdings, Dechert and Jefferies to discuss the election of a plan of reorganization by the Unsecured Creditors Committee. |
| | 11/13/2006 | 0.5 | Call with creditor. |
| | 11/15/2006 | 1.0 | Call with Dechert to discuss hearing scheduled for 11/16/06. |
| | 11/16/2006 | 1.0 | Review of Schedule of Claims for Disclosure Statement. |
| | 11/20/2006 | 2.5 | Call with Dechert to discuss hearing regarding approval of Jefferies retention application. Review of Jefferies fee calculation. Board of Directors meeting regarding case proceedings and the revised Disclosure Statement and Plan of Reorganization. |
| | 11/22/2006 | 0.5 | Call with Anvil Board member to discuss general warrant structure and terms. |
| | 11/27/2006 | 1.0 | Review of Anvil Holdings' October operating report. |
| | 11/28/2006 | 0.5 | Call with Milbank re: status. |
| | | 10.5 | **November Total Hours** |
| | | | |
| Robert Flachs | 12/3/2006 | 0.5 | Call with debtor regarding operations. |
| | 12/4/2006 | 3.0 | Analysis of Anvil's accrued liabilities and payables vs. budget projection. Discussion of impact of the Asheville closure. Discussion of unsecured claims report |
| | 12/5/2006 | 1.5 | Disclosure statement hearing. |

| Banker | Date | Hours | Time Description |
|---|---|---|---|
| | 12/6/2006 | 2.0 | Call with Dechert and management to discuss claims and liquidity position. Call with Milbank to discuss unsecured claims. |
| | 12/7/2006 | 1.0 | Further review of claims and related calls. |
| | 12/8/2006 | 3.0 | Board of Directors meeting to discuss status of case. Review of draft Warrant Agreement. |
| | 12/11/2006 | 0.5 | Review of proposed exit facility covenants. |
| | 12/15/2006 | 1.0 | Review of 1Q07 financial projections. |
| | 12/18/2006 | 1.0 | Review of Milbank's comments to Warrant Agreement and call with Dechert to discuss the appropriate response. |
| | 12/19/2006 | 0.5 | Discussion of warrant agreement with a member of the Board of Directors. |
| | 12/28/2006 | 1.0 | Review of proposed Anvil confirmation order |
| | | **15.0** | **December Total Hours** |
| | | | |
| Robert Flachs | 1/3/2007 | 1.0 | Review of Thane Carlston affidavit in support of confirmation of the plan. |
| | 1/4/2007 | 1.0 | Reviewed liquidity upon emergence. |
| | 1/5/2007 | 4.0 | Bring-down diligence call with Frank Ferramosca and Anthony Corsano. Discussion of exit credit facility and liquidity. Discussion of reorganization tax issues with Company and Deloitte. Review of revised affidavit. |
| | 1/6/2007 | 1.0 | Call to discuss tax implications. |
| | 1/7/2007 | 3.5 | Call with Delloitte, Dechert and the Company to discuss tax issues. Related follow up. |
| | 1/8/2007 | 5.0 | Internal discussions regarding upcoming confirmation hearing. Call with Delloitte, Dechert, and the Company to discuss tax issues. Various calls with the Company regarding recent performance and projected liquidity requirements. Review of declaration in support of confirmation of the plan. |
| | 1/9/2007 | 3.0 | Various calls with Frank Ferramosca, Anthony Corsano, and Dechert regarding impending confirmation hearing and recent financial performance. |
| | 1/10/2007 | 2.0 | Preparation for and attendance at confirmation hearing for Anvil Knitwear. |
| | | **20.5** | **January Total Hours** |
| | | | |
| | | **70.50** | **TOTAL HOURS** |
| | | | |
| | | | |
| Patrick Fleury | 10/2/2006 | 2.5 | Preparation of Disclosure Statement: financial projections, liquidation analysis, schedule of claims / recovery analysis, evaluation of Interim DIP Motion and finalization of budget. Call with bondholder. |
| | 10/3/2006 | 2.5 | Preparation of Disclosure Statement: financial projections, liquidation analysis, schedule of claims / recovery analysis, evaluation of Interim DIP Motion and finalization of budget. Call with outside counsel to review and discuss Jefferies retention documents. |
| | 10/4/2006 | 3.0 | Preparation and attendance at First Day Hearings. |
| | 10/5/2006 | 3.0 | Call with Dechert to discuss potential timeline of bankruptcy case. Calculation of number of warrants and effective dilution. Review of Jefferies retention documents. Review of letter from management to suppliers. |
| | 10/10/2006 | 1.0 | Review / discussion of Jefferies retention documents with outside counsel. |
| | 10/11/2006 | 1.5 | Call with management, Dechert and Jefferies to discuss upcoming case events. Call with management, Dechert and Jefferies to discuss Monthly Operating Report. |
| | 10/16/2006 | 1.5 | Review of Notice of Appointment of the Unsecured Creditors Committee. Call with management to discuss relationships with trade creditors. Review of Jefferies retention documents. |
| | 10/18/2006 | 1.5 | Review of Jefferies retention application. Call with Dechert to discuss courtroom proceedings. |
| | 10/19/2006 | 1.0 | Review of the Carlston affidavit. |
| | 10/20/2006 | 0.5 | Call with Dechert discussing status of trial. |
| | 10/23/2006 | 2.0 | Preparation of Unsecured Creditors Committee presentation. Internal discussions regarding Jefferies retention application. |
| | 10/24/2006 | 3.0 | Preparation of Unsecured Creditors Committee presentation. Call with Dechert to discuss the Carlston affidavit. Call with potential equity investor. |
| | 10/25/2006 | 5.0 | Preparation of Unsecured Creditors Committee presentation. Meeting with management to review presentation Meeting with internal counsel to discuss Jefferies fee application. |
| | 10/26/2006 | 3.0 | Preparation of Unsecured Creditors Committee presentation |
| | 10/27/2006 | 2.0 | Review of Jefferies Retention Application. Review of the Carlston Affidavit. Meeting with the Board of Directors. |
| | 10/28/2006 | 1.0 | Review of Jefferies Retention Application. |
| | 10/31/2006 | 2.0 | Internal discussions with Leveraged Finance group to discuss feasibility of re-financing. |
| | | **36.0** | **October Total Hours** |
| | | | |
| Patrick Fleury | 11/1/2006 | 1.5 | Analysis of costs of being a public company. Preparation of schedule outlining costs of public companies. Call with Unsecured Creditors Committee member, Sam Perlman. |
| | 11/6/2006 | 0.5 | Call with Dechert to discuss materials and analysis needed for Disclosure Statement. |
| | 11/7/2006 | 2.0 | Call with Milbank to discuss options regarding financial reporting. Analysis of costs of being a public company. Preparation of schedule outlining costs of maintaining public filing status. |
| | 11/8/2006 | 1.0 | Call with Milbank regarding the Unsecured Creditors Committee response to reorganization options in the Disclosure Statement. Call with Preferred Stock holder. |

# Jefferies & Company, Inc.

Hours Detail

October 2, 2006 - January 10, 2007

Exhibit C

| Banker | Date | Hours | Time Description |
|---|---|---|---|
| | 11/9/2006 | 1.0 | Call with management, Dechert and Jefferies to discuss the election of a plan of reorganization by the Unsecured Creditors Committee. |
| | 11/13/2006 | 1.0 | Call with management, Dechert and Jefferies to discuss the completion of the Schedule of Claims |
| | 11/14/2006 | 1.5 | Preparation of Schedule of Claims for Disclosure Statement. |
| | 11/15/2006 | 1.0 | Call with Dechert to discuss hearing scheduled for 11/16/06. |
| | 11/20/2006 | 2.5 | Call with Dechert to discuss hearing regarding approval of Jefferies retention application. Review of Jefferies fee calculation. Anvil Board of Directors meeting regarding case proceedings and the revised Disclosure Statement and Plan of Reorganization. |
| | 11/21/2006 | 2.0 | Attendance at hearing regarding approval of Jefferies retention application. |
| | 11/22/2006 | 2.0 | Review of Anvil Holdings' October operating report. Call with Board of Directors member to discuss new warrant structure and terms. |
| | 11/27/2006 | 0.5 | Call with Frank Ferramosca to discuss October operating report. |
| | | 16.5 | **November Total Hours** |
| Patrick Fleury | 12/3/2006 | 0.5 | Call with Frank Ferramosca regarding ongoing operations. |
| | 12/4/2006 | 3.0 | Analysis of Anvil's accrued liabilities and payables vs. budget projection. Discussion of impact of the Asheville closure. Discussion of unsecured claims report |
| | 12/5/2006 | 2.5 | Preparation and attendance at Disclosure Statement hearing. Review of draft press release concerning approval of the discosure statement. |
| | 12/6/2006 | 2.5 | Call with Dechert and management to discuss liquidity and impact of unpaid claims on revolver balance and liquidity position. Call with Milbank to discuss unsecured claims. Review of draft 10Q filing. |
| | 12/7/2006 | 0.5 | Call with Wachovia to discuss exit credit facility financing. |
| | 12/8/2006 | 3.0 | Board of Directors meeting to discuss status of case. Review of draft Warrant Agreement. Review of draft 10Q filing |
| | 12/11/2006 | 2.0 | Discusion of tax implications of reorganization with Dechert. Review of draft 10Q filing. Discussion with bondholder regarding financial performance and future bankruptcy schedule. Discussion with management regarding exit facility |
| | 12/13/2006 | 2.0 | Call with Deloitte, Dechert and management to discuss tax and valuation implications of reorginazation. Review and discussion of warrant agreement with a member of the Board of Directors. |
| | 12/15/2006 | 2.0 | Review of monthly fee report. Review of 1Q07 financial projections. |
| | 12/18/2006 | 1.0 | Review of Milbank's comments to Warrant Agreement and call with Dechert to discuss the appropriate response. |
| | 12/19/2006 | 0.5 | Discussion of warrant agreement with a member of the Board of Directors. |
| | 12/20/2006 | 1.0 | Discussion with Wachovia Securities regarding 3rd party interest in Anvil and general valuation review of draft Warrant Agreement. |
| | 12/22/2006 | 1.0 | Review of draft term sheet for exit financing. Call with management regarding exit financing. |
| | 12/23/2006 | 0.5 | Discussions with Anvil management regarding covenants of proposed exit facility financing. |
| | 12/28/2006 | 1.0 | Review of proposed Anvil confirmation order |
| | | 23.0 | **December Total Hours** |
| Patrick Fleury | 1/3/2007 | 1.0 | Review of Thane Carlston affidavit in support of confirmation of the plan. |
| | 1/4/2007 | 1.0 | Review of Thane Carlston affidavit in support of confirmation of the plan. |
| | 1/5/2007 | 4.0 | Bring-down diligence call with Frank Ferramosca and Anthony Corsano. Discussion of exit credit facility. Discussion of reorganization tax issues. Review of revised Carlston affidavit. |
| | 1/6/2007 | 1.0 | Call with Delloitte and Dechert to discuss tax implications of reorganization. |
| | 1/7/2007 | 6.5 | Call with Delloitte, Dechert and the Company to discuss tax issues. Calculation of various tax analyses and implications. |
| | 1/8/2007 | 6.0 | Internal discussions regarding upcoming confirmation hearing. Call with Delloitte, Dechert, and the Company to discuss tax issues. Various calls with the Company regarding LTM performance and projected liquidity requirements. Reviewo f Rob Flachs declaration in support of confirmation of the plan. |
| | 1/9/2007 | 3.0 | Various calls with Frank Ferramosca, Anthony Corsano, and Dechert regarding impending confirmation hearing and recent financial performance. |
| | 1/10/2007 | 2.0 | Preparation and attendance at confirmation hearing for Anvil Knitwear. |
| | | 24.5 | **January Total Hours** |
| | | 100.00 | **TOTAL HOURS** |
| Cullen Schaar | 10/2/2006 | 2.0 | Preparation of Disclosure Statement: financial projections, liquidation analysis, schedule of claims / recovery analysis, evaluation of Interim DIP Motion and finalization of budget. |
| | 10/3/2006 | 2.5 | Preparation of Disclosure Statement: financial projections, liquidation analysis, schedule of claims / recovery analysis, evaluation of Interim DIP Motion and finalization of budget. Call with outside counsel to review and discuss Jefferies retention documents. |
| | 10/4/2006 | 3.0 | First Day Hearings. Judge Gropper residing. |

# Jefferies & Company, Inc.
Hours Detail
October 2, 2006 - January 10, 2007
Exhibit C

| Banker | Date | Hours | Time Description |
|---|---|---|---|
| | 10/5/2006 | 2.5 | Call with Dechert to discuss potential timeline of bankruptcy case.  Preparation of calculation of number of warrants and effective dilution.  Review of Jefferies retention documents. |
| | 10/11/2006 | 1.5 | Call with Anvil Holdings, Dechert and Jefferies to discuss upcoming case events.  Call with Anvil Holdings, Dechert and Jefferies to discuss Monthly Operating Report. |
| | 10/16/2006 | 1.5 | Review of Notice of Appointment of the Unsecured Creditors Committee.  Call with Anvil to discuss relationships with trade creditors.  Review of Jefferies retention documents. |
| | 10/20/2006 | 0.5 | Call with Dechert discussing status of trial. |
| | 10/23/2006 | 4.5 | Preparation of Unsecured Creditors Committee presentation.  Attend Debtor in Possession hearing. |
| | 10/24/2006 | 5.0 | Preparation of Unsecured Creditors Committee presentation. |
| | 10/25/2006 | 7.0 | Preparation of Unsecured Creditors Committee presentation.  Meeting with management to review presentation. |
| | 10/26/2006 | 5.0 | Preparation of Unsecured Creditors Committee presentation.  Meeting with the Unsecured Creditors Committee at Dechert's offices.  Follow-up meeting with Anvil Board of |
| | 10/27/2006 | 4.0 | Directors. |
| | 10/27/2006 | 1.0 | Review of Jefferies Retention Application.  Review of the Carlston Affidavit. |
| | 10/28/2006 | 1.0 | Review of Jefferies Retention Application. |
| | 10/31/2006 | 0.5 | Analysis of costs of being a public company.  Preparation of schedule outlining costs of public companies. |
| | | **41.5** | **October Total Hours** |
| Cullen Schaar | 11/1/2006 | 1.0 | Analysis of costs of being a public company.  Preparation of schedule outlining costs of public companies. |
| | 11/6/2006 | 0.5 | Call with Dechert to discuss materials and analysis needed for Disclosure Statement. |
| | 11/7/2006 | 1.5 | Analysis of costs of being a public company.  Preparation of schedule outlining costs of public companies.  Call with Anvil Holdings, Dechert and Jefferies to discuss the election of a plan of reorganization by the Unsecured |
| | 11/9/2006 | 1.0 | Creditors Committee. |
| | 11/13/2006 | 1.0 | Call with Anvil Holdings, Dechert and Jefferies to discuss the completion of the Schedule of Claims |
| | 11/14/2006 | 1.5 | Preparation of Schedule of Claims for Disclosure Statement. |
| | 11/15/2006 | 1.0 | Call with Dechert to discuss hearing scheduled for 11/16/06. |
| | 11/20/2006 | 1.5 | Call with Dechert to discuss hearing regarding approval of Jefferies retention application.  Jefferies fee calculation. |
| | 11/21/2006 | 1.0 | Call with Anthony Corsano regarding Jefferies fee calculation.  Review of fee calculation. |
| | 11/22/2006 | 1.0 | Review of Anvil Holdings' October operating report. |
| | 11/27/2006 | 0.5 | Call with Frank Ferramosca to discuss October operating report. |
| | | **11.5** | **November Total Hours** |
| Cullen Schaar | 12/3/2006 | 0.5 | Call with Frank Ferramosca regarding ongoing operations.  Analysis of Anvil's accrued liabilities and payables vs. budget projection.  Discussion of impact of the Asheville |
| | 12/4/2006 | 2.0 | closure. |
| | 12/20/2006 | 1.0 | Call with Frank Ferramosca and Anthony Corsano regarding exit credit facility and projected liquidity requirements. |
| | 12/22/2006 | 0.5 | Call with Frank Ferramosca and Anthony Corsano regarding exit credit facility. |
| | | **4.0** | **December Total Hours** |
| Cullen Schaar | 1/5/2007 | 2.0 | Bring-down diligence call with Frank Ferramosca and Anthony Corsano.  Discussion of exit credit facility.  Discussion of issues regarding NOLs. |
| | 1/6/2007 | 1.0 | Call with Delloitte and Dechert to discuss NOL issues. |
| | 1/7/2007 | 4.0 | Analysis of impact of NOLs. |
| | 1/8/2007 | 5.0 | Various internal discussions regarding upcoming confirmation hearing.  Call with Delloitte, Dechert, and the Company to discuss NOL issues.  Various calls with the Company regarding LTM performance and projected liquidity requirements. |
| | 1/9/2007 | 3.0 | Various calls with Frank Ferramosca, Anthony Corsano, and Dechert regarding impending confirmation hearing. |
| | 1/10/2007 | 2.0 | Preparation and attendance at confirmation hearing for Anvil Knitwear. |
| | | **17.0** | **January Total Hours** |
| | | **74.00** | **TOTAL HOURS** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ANVIL KNITWEAR, INC., et al., | Case No. 06-12345 (ALG) |
| Debtors. | (Jointly Administered) |

**CERTIFICATION OF ROBERT J. FLACHS IN SUPPORT
OF THE FIRST AND FINAL APPLICATION OF JEFFERIES & COMPANY,
INC., AS FINANCIAL ADVISOR TO THE DEBTORS, FOR FINAL
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD
FROM OCTOBER 2, 2006 THROUGH JANUARY 10, 2007**

ROBERT J. FLACHS, certifies as follows:

1.      I am a managing director at Jefferies & Company, Inc. ("Jefferies"), which maintains its principal office at 520 Madison Ave., New York, New York 10022. Except as otherwise noted, the facts set forth herein are based upon my personal knowledge, my review of relevant documents, or information provided to me by employees of Jefferies working under my supervision.

2.      I submit this Certification in support of the annexed first and final application of Jefferies (the "Application"),[1] seeking entry of an order granting final allowance of compensation for services rendered and expenses incurred by Jefferies as financial advisors to the Anvil Knitwear, Inc. and its debtor affiliates (the "Debtors"), during the period from October 2, 2006 through and including January 10, 2007 (the "Compensation Period"), and directing

---

[1] All capitalized terms used but not otherwise defined herein shall have those meetings ascribed to them in the Application.

payment by the Debtors of certain fees and expenses owing to Jefferies which remain unpaid to date.

3.    I submit this Certification in accordance with the Guidelines and Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on June 20, 1991, and April 19, 1995 respectively (together, the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses, adopted on January 30, 1996 (the "UST Guidelines"), together with the Local Guidelines and UST Guidelines (the "Guidelines").

4.    I have read the Application and, except as otherwise set forth therein, to the best of my knowledge, information and belief after reasonable inquiry: (i) the Application complies with the Guidelines, (ii) the fees and disbursements sought in the Application fall within the Guidelines, (iii) in providing a reimbursable expense, Jefferies does not make a profit on that expense, whether the services associated with such expense are performed by Jefferies in-house or through a third party; (iv) in seeking reimbursement for a service which Jefferies justifiably purchased or contracted from a third party, Jefferies has requested reimbursement only for the amount billed to Jefferies by the third-party vendor and paid by Jefferies to such vendor, and (v) the fees sought by Jefferies in the Application are comparable to those fees charged by Jefferies for professional services rendered in comparable non-bankruptcy related matters.

5.    There is no agreement or understanding between Jefferies and any other person, other than the members of Jefferies, for the sharing of compensation to be received for services rendered or to be rendered in these chapter 11 cases.

6.     The Debtors, counsel to the Debtors, counsel to all official committees appointed in these cases, and the United States Trustee for the Southern District of New York, will be provided with a copy of the Application at least ten (10) days before the date set by this Court for a hearing on the Application.

I certify that the above is true and correct to the best of my knowledge.

Dated: New York, New York
       April 24, 2007

By: _____
    Robert J. Flachs

State of New York
County of New York
Subscribed and sworn to before me this 24 day of April, 2007,
by Robert J. Flachs.

_____

**CAITLIN DONOHUE**
NOTARY PUBLIC, STATE OF NEW YORK
No. 01DO6115750
QUALIFIED IN NEW YORK COUNTY
MY COMMISSION EXPIRES SEPT. 13, 2008

| | |
|---|---|
| In re: | Chapter 11 |
| ANVIL KNITWEAR, INC., <u>et</u> <u>al.</u>, | Case No. 06-12345 (ALG) |
| Debtors. | (Jointly Administered) |

**ORDER APPROVING FIRST AND FINAL APPLICATION OF
JEFFERIES & COMPANY, INC., AS FINANCIAL ADVISOR TO
THE DEBTORS, FOR FINAL ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF
ACTUAL AND NECESSARY EXPENSES INCURRED DURING THE PERIOD FROM
<u>OCTOBER 2, 2006 THROUGH JANUARY 10, 2007</u>**

Upon consideration of the First and Final Application of Jefferies & Company, Inc.

("Jefferies'), as Financial Advisor to the  Debtors for Final Allowance of Compensation for

Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred for

the Period October 2, 2006 to January 10, 2007 (the "Application")[1]; a hearing having been held before

this Court to consider the Application; adequate and sufficient notice of the Application having been

given as set forth in the Application; this Court having given due consideration to any responses to the

Application, and sufficient cause having been shown therefore, it is hereby;

ORDERED that the Application is granted in its entirety and in all respects; and it is further

ORDERED that all requested fees and expenses set forth in the Application and Schedules A1

and A2 hereto are awarded and allowed on a final basis; and it is further

ORDERED that Jefferies is authorized to apply the Credit Balance in partial satisfaction of the

fees and expenses approved by this Order; and it is further

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application

ORDERED that the Debtors are directed to pay to Jefferies, within ten (10) days of the date hereof, all amounts requested by Jefferies in the Application and approved by this Order, less any such amounts already paid to Jefferies by the Debtors or through application of the Credit Balance.

Dated: _____, 2007
      New York, New York

_____
THE HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE

Case Number: 06-12345 (ALG)
Case Name: Anvil Knitwear, Inc., et al.,

**CURRENT FEE PERIOD: OCTOBER 2, 2006 THROUGH JANUARY 10, 2007**

| Applicant | Date of Application | Fees Requested | Fees Awarded | Expenses Requested | Expenses Awarded |
|---|---|---|---|---|---|
| Jefferies & Company, Inc. | 4/24/07 | $1,178,837.27 | $1,178,837.27 | $6,415.44 | $6,415.44 |

SCHEDULE A(1)　　　　　DATE:_____　　　　　INITIALS:_____ USBJ

Case Number: 06-12345 (ALG)
Case Name: Anvil Knitwear, Inc., et al.,

**SUMMARY: ALL FEE PERIODS (INCLUDING THIS PERIOD)[2]**

| Applicant | Total Fees Requested | Total Fees Awarded | Total Expenses Requested | Total Expenses Awarded |
|---|---|---|---|---|
| Jefferies & Company, Inc. | $1,178,837.27 | $1,178,837.27 | $6,415.44 | $6,415.44 |

SCHEDULE A(2)                    DATE:_____                    INITIALS:_____ USBJ

_____